**UNTIED STATES DISTRICT COURT**
**FOR THE NORTHERN DISCTRICT OF ILLINOIS**
**CHICAGO DIVISION**

| | | |
|---|---|---|
| **CHRISTINE CARDONA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **POLARIS CHARTER ACADEMY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff Christine Cardona ("Plaintiff" or "Cardona") and files her Complaint against Defendant Polaris Charter Academy ("Defendant" or "PCA") and in support states the following:

## NATURE OF THE CLAIMS

1.      This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's discrimination and retaliation against Plaintiff due to her disability and retaliation for Plaintiff's lawful exercise of her rights under the FMLA leading to her unlawful termination.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and FMLA.

1

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5.      Plaintiff, Cardona, is a citizen of the United States, and is and was at all times material a resident of the State of Indiana, residing in Lake County, Indiana.

6.      Defendant, PCA, is as Illinois Not For-Profit Corporation with its principal place of business in Chicago, Illinois located in Cook, Illinois.

7.      Defendant does business in this judicial district and Plaintiff worked for Defendant at its 620 N. Sawyer Street, Chicago, Illinois location.

8.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9.      Plaintiff has complied with all statutory prerequisites to filing this action.

10.     On July 16, 2020, Plaintiff dual-filed a claim with the Illinois Department of Human Rights Commission ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

11.     Plaintiff's EEOC charge was filed within ninety days (90) days after the unlawful employment practices occurred.

12.     On June 24, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

13.     This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

14.     Plaintiff was employed by Defendant in a full-time capacity for approximately 4 years.

15.     At the time of her constructive discharge Plaintiff held the position as an 7th and 8th grade science teacher.

16.     Plaintiff is a disabled female.

17.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18.     At all times relevant, Plaintiff was able to perform the essential functions of her job with or without accommodations.

19.     In 2017 Plaintiff was diagnosed with Lupus and informed Defendant of the same.

20.     Plaintiff's disability impacted her major life activities such as fatigue and required long periods of time to rest, vertigo, hearing, concentration, swelling in her joints that effect the hands, feet, and elbows that make it difficult for her to stand, walk, bend at the elbow, knees and the capability to use her hands.

21.     On or about August 9, 2019, Plaintiff emailed Francesca Peck, Director of Culture and Character, a summary of her diagnosis, detailing her health conditions, required surgical

procedures, doctor's appointments from multiple specialists. Plaintiff also informed Ms. Peck that her condition may require an accommodation, as needed.

22.     On August 12, Plaintiff was approved to take time off for all the surgical procedures and doctor's appointments she mentioned in her email to Ms. Peck by Michelle Navarre, Head of School.

23.     During the school year of 2019/2020, Plaintiff missed approximately 10 days from work. She provided doctors notes for each absence to either Ms. Peck Ms. Navarre or both, until Ms. Navarre verbally directed Plaintiff to stop providing the doctors notes.

24.     On or about September 27, 2019, prior to Plaintiff's scheduled report time, Plaintiff sent a text message to Ms. Navarre and informed her that she was not feeling well, and that she needed to stay home to get her medical issues under control with medicine and rest. Ms. Navarre responded "take care of yourself and let me know if you need anything.

25.     On or about October 3, 2019, Plaintiff sent a text message to Ms. Navarre stating, "I may need to take FMLA. I wanted you to have a heads up just in case. I will get through the weekend and let you know." Ms. Navarre replied, "Thank you for letting me know \."

26.     On about October 6, 2019, Plaintiff sent a text message to Ms. Navarre again mentioning FMLA leave. Plaintiff also requested an accommodation to reduce her number of workdays from 5 to 4, in an effort to possibly avoid using FMLA leave.  Ms. Navarre replied, "this is a discussion we would need to have during a meeting."

27.     On or about October 8, 2019, Plaintiff forwarded and email she previously sent to Ms. Peck on August 9, 2019, detailing her diagnosis, health condition, and required doctor appointments, all that were approved by Ms. Navarre on August 12, 2019.

28.     Despite Plaintiff's requests, Defendant did not allow Plaintiff the opportunity to request FMLA leave.

29.     In addition, Defendant did not entertain Plaintiff's request for accommodation or otherwise engaged in the interactive process as required by the ADA.

30.     In mid-June 2020, Defendant terminated Plaintiff's employment.

31.     When Defendant informed Plaintiff of her termination, Defendant explicitly mentioned "absenteeism" as a factor in the decision to terminate Plaintiff, in addition to other pretextual reasons, despite Plaintiff's absences being excused and related to her disability.

32.     Plaintiff has been damaged by Defendant's illegal conduct.

33.     Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Disability Based Discrimination in Violation of the ADA

34.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

35.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36.     Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

37.     Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38.     Defendant violated the ADA by terminating and discriminating against Plaintiff based on her disability.

39.     Plaintiff has been damaged by Defendant's illegal conduct.

40.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

41.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**Count II:**
**Failure to Accommodate in Violation of the ADA**

43.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

44.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

45.     Defendant was aware of Plaintiff's disability.

46.     Defendant failed to accommodate Plaintiff's disability.

47.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

48.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
## Retaliation in Violation of the ADA

50.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

51.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity and by unlawfully terminating her employment.

52.     Defendant's conduct violates the ADA.

53.     Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

54.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

55.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count IV:
## Interference in Violation of the FMLA

56.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

57.     Plaintiff was an employee eligible for protected leave under the FMLA.

58.     Defendant is and was an employer as defined by the FMLA.

59.     Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

60.     Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

61.     Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

7

62.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count V:
## Retaliation in Violation of the FMLA

63.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

64.     Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

65.     At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

66.      Plaintiff attempted to exercise her rights under the FMLA.

67.     Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights.

68.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

69.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress

damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Illinois Attorney Registration No. 6313431
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
*Counsel for Plaintiff*